IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.     No. 1:15-cr-10022-JDB-1

THOMAS CORTHION,

    Defendant.
_____

ORDER DENYING DEFENDANT'S PRO SE MOTION FOR SENTENCE REDUCTION
_____

Pursuant to a judgment entered October 27, 2015, the Defendant, Thomas Corthion, was sentenced to 180 months' imprisonment, to be followed by three years of supervised release, upon a guilty plea to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g). (Docket Entry ("D.E.") 28.)  Before the Court is his pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (D.E. 30.)  The Federal Defender's Office has filed a notice of review completion opining that Corthion is not eligible for relief under the amendment and advising that it would not be filing any motion on his behalf. (D.E. 31.)  The Court agrees.

Under § 3582(c), a "court may not modify a term of imprisonment once it has been imposed" except in certain circumstances.  One such circumstance lies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2).  The statute permits the district court to reduce the term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

1

Amendment 821, effective November 1, 2023, and retroactive, changed the manner in which 'status points' are allocated in calculating a criminal defendant's sentence. *United States v. Ralston*, 110 F.4th 909, 924 (6th Cir. 2024); *United States v. Donner*, Case No. 23-3572, 2024 WL 2862508, at *4 (6th Cir. June 6, 2024). The amendment, which appears in the Guidelines as § 4A1.1(e), "limits the criminal history impact of 'status points,' decreasing them by [one] point for individuals with [seven] or more criminal history points and eliminating status points for those with [six] or fewer criminal history points." *United States v. Gilbert*, ___ F. Supp. 3d ___, 2024 WL 2231631, at *2 (E.D. Mich. May 15, 2024), *appeal filed* (6th Cir. May 23, 2024) (No. 24-1453).

At sentencing, Corthion had eight criminal history points and received two additional points for being under a criminal justice sentence at the time the offense of conviction occurred, for a total of ten. (*See* Presentence Investigation Report ("PSR") ¶¶ 51-53.) This calculation resulted in a criminal history category of V and a Guidelines sentencing range of 210 to 262 months' imprisonment. (*Id.* ¶ 90.) He was also subject to a statutory mandatory minimum of fifteen years. (*Id.* ¶ 89).

Applying Amendment 821, Defendant would now have nine, rather than ten, criminal history status points, which would reduce his criminal history category from V to IV. However,

> a reduction in the defendant's term of imprisonment is not authorized under [] § 3582(c)(2) and is not consistent with [the applicable] policy statement if [the amendment relied upon by the defendant in seeking a reduction] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., *a statutory mandatory minimum term of imprisonment*).

U.S.S.G. § 1B1.10(a) cmt. (emphasis added); *see also Koons v. United States*, 584 U.S. 700, 708 (2018) ("mandatory minimum sentences . . . . are not 'based on' a lowered

2

Guidelines range—they are 'based on' the defendant['s] mandatory minimum[] . . . . [a]nd those defendants . . . are not eligible for sentence reductions under § 3582(c)(2)).

Thus, because Corthion was sentenced pursuant to a statutory mandatory minimum and not a sentencing range that was subsequently lowered by the Sentencing Commission, this Court has no authority to reduce his sentence under § 3582(c)(2) and Amendment 821.  *See United States v. Gallaher*, No.: 3:21-cr-112-TAV-JEM-1, 2024 WL 3884198, at *3 (E.D. Tenn. Aug. 20, 2024) (court lacked authority to reduce a mandatory minimum sentence under § 3582(c)(2) and Amendment 821); *United States v. Chappell*, Case No. 16-CR-133-1-JPS, 2024 WL 1797435, at *2 (E.D. Wis. Apr. 25, 2024) (defendant ineligible for sentence reduction under § 3582(c)(2) and Amendment 821 where he was subject to and received mandatory minimum sentence).

In light of Defendant's ineligibility for a reduction, the Court does not proceed to an analysis of the § 3553(a) factors.  *See United States v. Clayton*, Case No. 1:19-cr-251-21, 2024 WL 943349, at *2 (N.D. Ohio Mar. 5, 2024) (upon determining defendant ineligible for Amendment 821 relief, district court need not consider whether sentence reduction would be justified under § 3553(a)).

The motion is DENIED.

IT IS SO ORDERED this 5th day of November 2024.

                                             s/ J. DANIEL BREEN
                                             UNITED STATES DISTRICT JUDGE